UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTIELLIA STERLING,

                       Plaintiff,                        COMPLAINT

               -against-                         Docket No.: 19-CV-7527

THE CITY OF NEW YORK and DOMINGO        Jury Trial Demanded
SANCHEZ,

                       Defendants,
-----------------------------------------------------------------X

Plaintiff, ANTIELLIA STERLING, by and through her attorneys, RICOTTA & MARKS, P.C., allege upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the discrimination against Plaintiff in the terms, conditions, and privileges of her employment, as well as the deprivation by Defendants, under the policies, ordinances, custom and usage of all rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all of the laws and statutes thereunder. This action is also brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*,, the New York State Human Rights the Human Rights Law, §290, *et seq.*, the New York City Administrative Code Title 8, and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and aforementioned statutory provisions.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A notice of a right to sue letter was received on May 13, 2019. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice by filing on the end of the next day that is not a Sunday, pursuant to F.R.C.P. 26(1)(C).

## PARTIES

5. Plaintiff, Antiellia Sterling ("Sterling"), was and still is a resident of Bronx, New York. At all relevant times, she performed work for Defendants within Kings County.

6. Defendant, the City of New York ("City") maintains a Department of Parks and Recreation ("Department of Parks") and was and still is a municipal entity located at 830 Fifth Avenue, New York, NY 10065.

7. Defendant, Domingo Sanchez ("Sanchez") at all relevant times, was a Sergeant and/or a Captain with the Department of Parks, and as such, was Plaintiff's supervisor. Sanchez aided, abetted, compelled and/or incited the unlawful treatment set forth below. Sanchez was and/or is responsible for the hiring, firing, promotion and discipline of employees and other employment related issues. Additionally, Sanchez is a policymaker for the Department of Parks, charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices. Sanchez had the power to make personnel decisions regarding Plaintiff's employment.

## FACTS

8. Sterling is a woman.

9. Sterling was hired by the City to work within the Department of Parks on or about December 7, 2015, as a Security Service Officer.

10. During the course of her employment with the City, Sterling performed her job duties and responsibilities in a satisfactory manner.

11. On or about January 13, 2017, while assigned to Central Park, North Meadow, Sterling was on patrol with Captain Domingo Sanchez ("Sanchez") (who was, at the time, the rank of Sergeant). While on patrol with Sanchez, he sexually assaulted Sterling, using force to kiss her, despite her pulling away and protestation, pulling her hair while making sexually charged comments (such as "say my name"). Sanchez then removed his penis from his pants, exposing same to Sterling, who, at that point, was able to get herself away from Sanchez.

12. Sterling reported this conduct to her union and met with her union to discuss the situation and her discomfort with continuing to work in the environment she was in. This meeting occurred on or around January 27, 2017.

13. On or about January 31, 2017, Sterling requested a safety transfer due to the assault as well as harassment to which she was being subjected.

14. On or about February 22, 2017, Sterling filed a complaint with the City's EEO office as a result of her being subjected to a hostile work environment due to her gender, perceived sexual orientation, and/or perceived gender identity.

15. More specifically, in addition to complaining about the severe sexual assault to which she was subjected by a supervisor, Sterling complained that, throughout the course of her employment, she had been subjected to coworkers mocking her and referring to her as "transgender" to

3

colleagues and members of the public. Sterling was also told that "a woman has no business being 5'11".

16. On March 8, 2018, three days after filing an EEO Complaint with the City, Sterling's employment with the City was terminated. This termination was in retaliation for her complaints of discrimination.

17. Moreover, prior to her termination, Sterling had received a job offer with the New York City Department of Sanitation, which she was planning on accepting to remove herself from the toxic environment to which she was being subjected.

18. However, upon learning of this opportunity, Defendant terminated Sterling's employment and insured that her Sanitation position was rescinded due to her being terminated.

19. Sterling filed a complaint with the United States Equal Employment Opportunity Commission on or about May 18, 2018.

20. Based on the foregoing, Sterling alleges that Defendants discriminated against her based on her gender, and in retaliation for her complaints of discrimination in violation of her Fourteenth Amendment Rights, as well as Title VII of the Civil Rights Act of 1964, the New York State Human Rights the Human Rights Law, §290, *et seq.*, and the New York City Administrative Code Title 8.

## CLAIMS FOR RELIEF

21. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender, gender identity, and/or in retaliation for her opposition to discriminatory practices. Defendant the City's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*;

the New York State Executive Law, the Human Rights Law, §290, *et seq.*; and the New York City Administrative Code § 8-101 *et seq.*

22. Defendant the City has, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983, and all related provisions of the New York State Constitution. The City and the City's supervisors have intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

   a. The City's custom or practice of discriminating against and/or harassing Plaintiff based on her gender and/or in retaliation for her complaints of discrimination. The discriminatory and retaliatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

   b. Supervisors failed to properly investigate and address allegations of harassment and/or discrimination and/or retaliation.

   c. Inadequate training/supervision was so likely to result in the harassment, and/or discrimination and/or retaliation that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

   d. Policymakers engaged in and/or tacitly condoned the harassment and/or discrimination and/or retaliation.

23. The individual Defendant unlawfully participated in and/or permitted the aforementioned unlawful conduct to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

24. The individual Defendant, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6) and the New York City Administrative Code § 8-107.

25. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, physical, and punitive damages (against the individual defendant), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       August 12, 2019

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
31-10 37th Avenue, Suite 401
Long Island City, New York 11101
(347) 464-8694

_____
Thomas Ricotta